**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EUGENE GALLAGHER )<br>)<br>Plaintiff )<br>)<br>)<br>V. )<br>)<br>)<br>)<br>FOREST PRESERVES OF COOK )<br>COUNTY, a unit of municipal )<br>government, FOREST PRESERVES )<br>BOARD OF COMMISSIONERS, in its )<br>official capacity, TONI )<br>PRECKWINCKLE, in her individual )<br>capacity, ARNOLD RANDALL, in his )<br>individual capacity, LEE STEPHENSON, )<br>in his individual capacity, ELIZABETH )<br>MILLAN, in her individual capacity, )<br>MICHAEL MURNANE, in his individual )<br>capacity, )<br>Defendants )<br>) | Case No.:<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, EUGENE GALLAGHER, by his attorneys, ANDREOU & CASSON, LTD., and complains of the Defendants, FOREST PRESERVES OF COOK COUNTY, a unit of municipal government, FOREST PRESERVES BOARD OF COMMISSIONERS, in its official capacity, TONI PRECKWINCKLE, in her individual capacity, ARNOLD RANDALL, in his individual capacity, LEE STEPHENSON, in his individual capacity, ELIZABETH MILLAN, in her individual capacity, and MICHAEL MURNANE, in his individual capacity, as follows:

### **INTRODUCTION**

1. The Plaintiff, EUGENE GALLAGHER, was formerly employed as a Regional Superintendent by the Defendant, FOREST PRESERVES OF COOK COUNTY. The Plaintiff

1

brings this action individually based on alleged violations of federal and state employment discrimination laws. The Plaintiff's claims relate to the Defendant's discriminatory employment practices relating to assignment and discipline, and discrimination based upon gender, race and age.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to 42 U.S.C.A. §2000e-5(f)(3), 29 U.S.C.A. §626 and 28 U.S.C.A. §1331.

3. Venue of this Cause of Action lies in the Northern District of Illinois pursuant to 28 U.S.C.A. §1391(b)(2) as all of the unlawful actions alleged herein occurred in this District.

4. All conditions precedent to jurisdiction have occurred. On March 15, 2018, the Plaintiff filed a Charge of Discrimination with the EEOC alleging violations of the ADEA. The charge was assigned number 440-2018-04043 by the EEOC. On April 18, 2018, the Plaintiff filed another Charge of Discrimination with the EEOC alleging violations of the ADEA and unlawful termination based on violations of Title VII of the Civil Rights Act of 1964. The latter charge was assigned number 440-2018-04797.

5. Plaintiff received his Notice of Right to Sue on December 20, 2018.

## PARTIES

6. At all times relevant to Plaintiff's Complaint, was an employee of the FOREST PRESERVES OF COOK COUNTY, and resided at 1335 S. Freeman Rd., South Barrington, Illinois, and at all times relevant was a resident and citizen of the State of Illinois and County of Cook.

7. At all times relevant hereto, Defendant, FOREST PRESERVES OF COOK COUNTY, was a duly constituted unit of municipal government under the laws of the State of Illinois, with its principal place of business located at 536 North Harlem Ave. River Forest, Illinois.

8. At all times relevant hereto, Defendant FOREST PRESERVES BOARD OF COMMISSIONERS, was the duly constituted municipal board under the laws of the State of Illinois and ordinances of the County of Cook, with its principal place of business located at 118 N. Clark St., Chicago, Illinois.

9. At all times relevant hereto, Defendant TONI PRECKWINCKLE, was the President of the FOREST PRESERVES BOARD OF COMMISSIONERS. She is named as a party herein in her individual capacity, is a resident and citizen of the State of Illinois and County of Cook and resides in Chicago, Illinois.

10. At all times relevant hereto, Defendant ARNOLD RANDALL, was the General Superintendent of the FOREST PRESERVES OF COOK COUNTY. He is named as a party herein in his individual capacity, is a resident and citizen of the State of Illinois and County of Cook and resides in Chicago, Illinois.

11. At all times relevant hereto, Defendant LEE STEPHENSON, was the Director of Landscape Maintenance of the FOREST PRESERVES OF COOK COUNTY. He is named as a party herein in his individual capacity, is a resident and citizen of the State of Illinois and County of Cook and resides in Chicago, Illinois.

12. At all times relevant hereto, Defendant ELIZABETH MILLAN, was the District Director of the FOREST PRESERVES OF COOK COUNTY. She is named as a party herein in his individual capacity, is a resident and citizen of the State of Illinois and County of Cook and resides in Chicago, Illinois.

13. At all times relevant hereto, Defendant MICHAEL MURNANE, was the Director of Housing of the FOREST PRESERVES OF COOK COUNTY. He is named as a party herein in his individual capacity, is a resident and citizen of the State of Illinois and County of Cook and resides in Chicago, Illinois.

**FACTS**

14. Plaintiff is a white male, age 91 years old; at the time of the alleged violations, Plaintiff was 90 years old.

15. The Plaintiff has been an employee of the FOREST PRESERVES OF COOK COUNTY since February 2, 1972.

16. From approximately 1997 to March 7, 2018, the Plaintiff served as the Regional Superintendent of the FOREST PRESERVES OF COOK COUNTY.

17. In addition to his duties as Regional Superintendent, the Plaintiff also performed duties as an onsite watchman.

18. In 2000, TONI PRECKWINCKLE, then President of the FOREST PRESERVES BOARD OF COMMISSIONERS, issued a mandate declaring the Plaintiff's position as non-exempt and subject to the protection of the *Shakman* consent decree which provides protection from no-cause terminations.

19. On October 15, 2010, the Plaintiff was summoned to District Headquarters and was required to sign a statement indicating that he had received a copy of the Forest Preserve District Employee Resource Guide and the Human Rights Ordinance.

20. On information and belief, no other employee was required to sign the statement evidencing the Defendants' continuous pattern of discriminatory practices towards the Plaintiff.

21. On December 14, 2016, the Plaintiff received a commendation from the FOREST PRESERVES OF COOK COUNTY, signed by TONI PRECKWINCKLE and ARNOLD RANDALL, for Plaintiff's unwavering effort and commitment to his employer during his 44 years of service.

22. On December 5, 2018, the Plaintiff was notified of pending disciplinary action relating to the death of several elk on FOREST PRESERVE property.

23. On December 14, 2018 a disciplinary hearing was held accusing the Plaintiff of possessing liability for the death of the elk.

24. At that hearing evidence was presented that the Plaintiff did not fail in any of his duties and that he was not responsible to any degree in the death of the elk.

25. At that hearing, the Plaintiff presented his complaints that he was being targeted for discipline and termination based on invidious racial discrimination and age bias.

26. Thereafter, the FOREST PRESERVE set out on a course of action to cover its tracks in its discriminatory practices, including asserting that it no longer needed a reason to fire the Plaintiff, that the Plaintiff was going to be fired because he served at the pleasure of the President and that the FOREST PRESERVE was concerned that the Plaintiff could not perform his duties because he was too old.

27. On March 7, 2018, Defendant, LEE STEPHENSON, notified the Plaintiff in writing that his employment terminated.

28. Upon information and belief, Plaintiff was replaced with a younger, non-white employees.

**COUNT I**
**RACIAL DISCRIMINATION**
**42 U.S.C §1981**

5

29. The Plaintiff incorporates the allegations contained in paragraphs 1-28 by reference as fully alleged in this Count.

30. The Plaintiff is a white male.

31. The Individual Defendants are African American and serve in senior executive positions with the Defendant, FOREST PRESERVES OF COOK COUNTY.

31. The Plaintiff was terminated on March 7, 2018.

32. The Plaintiff was adverse job action was the result of racial discrimination.

33. The Defendants intentionally and willfully discriminated against the Plaintiff based on his race, African American, in the following respects:

34. The Defendants' conduct was and is the proximate cause in fact of the constitutional deprivation suffered by the Plaintiff.

WHEREFORE, the Plaintiff prays that this Court grant her judgment against all Defendants as follows:

a. For an award of compensatory damages, front pay, and back pay, plus interest and costs, against all Defendants to this Count;

b. For an award of punitive damages, plus interest and costs, against all individually named Defendants to this Count, and for attorney fees pursuant to 42 U.S.C. §1988;

c. For any such further relief as this Court may deem proper.

### COUNT II
### RACE DISCRIMINATION
### TITLE VII-42 USC §2000e

35. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

36. The conduct of Defendant COOK COUNTY FOREST PRESERVE DISTRICT violates 775 ILCS 5/2-102(A) and Title VII in that Defendant discriminated against the Plaintiff, who is White, with respect to Plaintiff's employment termination and discipline as alleged.

37. At all times relevant to this Complaint, the Plaintiff was employed by the Defendant CCFPD as a supervisor.

38. At all times the Plaintiff's job performance has met the legitimate expectations and requirements of his job working as a supervisor. Plaintiff's job performance has in fact consistently exceeded the legitimate expectations and requirements of his job.

39. The Plaintiff experienced discrimination and harassment in his employment, and as a consequence of which he filed a charge of discrimination seeking redress for unlawful job discrimination.

40. The aforementioned conduct of Defendants has resulted in damages to Plaintiff including, but not limited to loss of pay, emotional anguish, humiliation, embarrassment, and pain and suffering.

> WHEREFORE, the Plaintiff respectfully requests:
>
> a) All wages and benefits, back pay, front pay and future pecuniary damages, injury, mental anguish and distress, and financial hardship Plaintiff would have received but for the retaliation and discrimination, including pre-judgment interest;
>
> b) Compensatory damages in an amount to be determined at trial to compensate the Plaintiff for injuries and losses caused by Defendants' conduct;
>
> c) Defendants be required to pay prejudgment interest to Plaintiff on these damages;

    d)    The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

    e)    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    f)    Such other relief as the Court may deem just or equitable.

## COUNT III
## AGE DISCRIMINATION

41. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

42. Defendant, acting by and through its agents during the course of and within the scope of Plaintiff's employment, intentionally subjected the Plaintiff to adverse employment actions, including but not limited to, termination from employment.

43. Defendant acted intentionally in treating relatively younger employees with lesser status more favorable than the Plaintiff in the terms and conditions of their employment.

44. By treating younger employees more favorable in the terms of their conditions of their employment, Defendant intentionally discriminated against the Plaintiff on the basis of his age, in violation of the ADEA.

45. The Plaintiff was unfairly disciplined, and had rules applied to him that were not applied to younger, less experienced employees, was sent to a new location when new employees were not, was denied having his filed grievance taken into consideration because of his age, and was suspended several times because of his age.

46. As a proximate result of the actions complained of herein, the Plaintiff has sustained injury, including, but not limited to: denial of wages and other benefits, loss of any

potential opportunity to advance, emotional anguish, humiliation, embarrassment, and pain and suffering.

WHEREFORE, the Plaintiff respectfully requests:

a) All wages and benefits, back pay, front pay and future pecuniary damages, injury, mental anguish and distress, and financial hardship Plaintiff would have received but for the retaliation and discrimination, including pre-judgment interest;

b) An order be entered reinstating the Plaintiff to his former position with the Defendant;

c) Compensatory damages in an amount to be determined at trial to compensate the Plaintiff for injuries and losses caused by Defendants' conduct;

d) Defendants be required to pay prejudgment interest to Plaintiff on these damages;

e) The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

f) An award of reasonable attorneys' fees, costs, and litigation expenses; and

g) Such other relief as the Court may deem just or equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: */s/ Luke A. Casson*_____

ANDREOU & CASSON, LTD.
Attorneys for Plaintiff
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
Telephone: (312) 935-2000/ Facsimile: (312) 935-2001